Faye FORE, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND
TELEGRAPH COMPANY, Defendant.

Civ. A. No. 2325.

United States District Court
W. D. North Carolina,
Charlotte Division.

Nov. 14, 1968.

J. LeVonne Chambers, Charlotte, N. C., for plaintiff.

John T. Allred, Moore & Van Allen, Charlotte, N. C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

McMILLAN, District Judge.

Faye Fore alleges in her complaint, as amended, that in October and November of 1965 and in May of 1966 she was denied advancement in employment because she was a woman instead of a man, and she seeks injunctive relief under the Civil Rights Act of 1964.

On August 8, 1966, plaintiff filed a sworn charge with the Equal Employment Opportunity Commission. On June 29, 1967 the Commission found reasonable cause to believe that a violation had occurred. On January 22, 1968 the Commission advised plaintiff that voluntary compliance had not been obtainable. She filed suit February 21, 1968.

Defendant moved to dismiss the complaint as to the alleged events of October and November, 1965, upon the basis that the written charge required by the statute was not filed within ninety days after the alleged offenses. This position is correct and the motion is allowed.

Defendant also moved to dismiss as to the alleged violations of May 1966, contending that this action is barred because it was not filed until more than 180 days after the alleged unfair employment practice occurred. Defendant says that all the time periods described in § 2000e–5, subsections (a),

(d) and (e) * are conditions precedent to the right to maintain the action and should be added together to constitute a 180-day statute of limitation. The plaintiff, on this theory, is barred unless: (1) Under subsection (d) a charge is filed with the Commission in 90 days; (2) Under subsection (e) the *Commission,* within 60 additional days has been unable to procure voluntary compliance and so notifies plaintiff; and (3) Under subsection (e), suit is filed within 30 days "thereafter."

Defendant says that instead of taking not over 60 days for conciliation as directed by subsection (d), the Equal Employment Opportunity Commission took seventeen months before notifying plaintiff of failure of efforts to obtain voluntary compliance; that this ran the total time past the assumed 180-day limit; and that the action is now too late.

The Court does not agree.

■ It is true that the statute requires the person aggrieved to file a written charge within 90 days; it says so clearly, and the courts so hold; the Commission must be given at least a chance to conciliate before plaintiff is free to sue. Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir., 1967); Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir., 1967). It also appears that the person aggrieved is re-quired to file suit within 30 days after *notice . that* the Commission has been unable to obtain voluntary compliance. This 30-day requirement is an integral part of the very clause of § 2000e–5(e) which confers the right to sue.

However, the defendant's remaining proposition cannot be sustained. In skeleton but verbatim form, subsection 2000e–5(e) says:

"If within [sixty] days after a charge is filed the Commission * * * has been unable to obtain voluntary compliance * * * *the Commission shall so notify* the person aggrieved and a civil action may within thirty days *thereafter* be brought * * *." (Emphasis added.)

■ The word "thereafter" in subsection (e) does not refer to *all* preceding procedures, but only to the notice from the Commission. The 30 days to sue most reasonably begin to run only from the time when the Commission does *"so notify* the person aggrieved." The plain English interpretation of the statute is that a civil action may be brought within thirty days after the *notice* from the Commission.

Moreover, the construction the defendant requests does violence to the purpose of this remedial legislation. The right of action in the aggrieved party is a sanction against discrimination over and beyond whatever the Com-

---

* "Whenever it is charged in writing under oath * * * that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * a copy of such charge, and shall make an investigation * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. * * *" (42 U.S.C.A. § 2000e–5(a)).

"A charge under subsection (a) of this section shall be filed within 90 days after the alleged unlawful employment pactice occurred * * *." (42 U.S.C.A. § 2000e–5(d).

"If within 30 days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than 60 days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance * * * *the Commission shall so notify the person* aggrieved and a civil action may, within 30 days *thereafter,* be brought against the respondent named in the charge (1) by the person claiming to be aggrieved or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved * * *." (42 U.S.C.A. § 2000–5(e). (Emphasis added.)

mission may accomplish. If this sanction depends upon whether the Commission completes its conciliation efforts and notifies plaintiff *within 60 days,* the plaintiff's rights are indeed illusory. It is widely suspected in the land, and it must have been known to Congress, that Federal agencies, including courts, do not always keep up with their work. Congress could hardly have intended that the timeliness of the *Commission's* action should be a condition precedent to the plaintiff's right to bring suit under this remedial statute.

For decisions reaching similar results see Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La., 1967); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir., Oct. 17, 1968).

The motion to dismiss, as to the alleged events of May, 1966, is denied.