EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,

v.

CLEVELAND MILLS COMPANY,
Defendant.

Civ. A. No. SH-73-36.

United States District Court,
W. D. North Carolina,
Shelby Division.

Aug. 31, 1973.

William A. Carey, Gen. Counsel, Charles F. Wilson, Associate Gen. Counsel, Katherine Savers McGovern, Joseph P. McCormick, Isabelle R. Cappello, Lutz Alexander Prager, Raymond Ronald Baca, Washington, D. C., for plaintiff.

Blakeney, Alexander & Machen by W. S. Blakeney, Charlotte, N. C., for defendant.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon the defendant's Motion to Dismiss the action under Rule 12, Federal Rules of Civil Procedure, on the grounds that the Court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted. The defendant contends that the plaintiff has failed to comply with the statutory conditions prerequisite to the existence of the alleged cause of action in that it was not filed within 180 days from the filing of the charge with the Commission.

After full consideration of the briefs and arguments of counsel, the Court now enters its findings and conclusions.

The action was instituted in this Court by the filing of a Complaint by the Commission on March 2, 1973, with service of process being had upon the defendant on March 12, 1973. The plaintiff alleges that since July 2, 1965, the defendant was an employer engaged in industry affecting commerce within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., as amended by Public Law 91-261 (March 24, 1972), and was an employer of more than 25 employees at

its facilities in this district. The plaintiff further alleges that the defendant since July 2, 1965, has intentionally engaged in employment practices made unlawful by Section 703 of Title VII, by the maintenance of hiring and recruitment practices which discriminate on the basis of race; by limiting employees to less desirable and lower-paying jobs on the basis of race and by segregating employees, by job and department, on the basis of race. The plaintiff further alleges that these practices discriminate against employees and applicants for employment on the basis of race with respect to their compensation, terms, and privileges of employment, and deprives them of equal employment opportunities. The plaintiff seeks injunctive relief against such practices, and the recovery of back wages and such other financial relief as is necessary to eradicate the effects of such past and present unlawful employment practices.

The defendant's Motion to Dismiss is premised upon the alleged failure of the Commission to comply with the conditions precedent as required by the statute. The defendant's attorney presented during oral arguments and in briefs filed thereafter, facts showing that no claim was filed by any employee of the defendant, but that a Commission member filed a charge on August 7, 1968, almost 5 years ago, and that the defendant was not notified of such charge until November 29, 1968, nearly 4 months later. More than 3 years after the charge, the Commission advised the defendant on August 7, 1971, that "there is not reasonable cause to credit" any of the assertions of the charge, except for the claim that the defendant failed "to hire Negro females as a class because of their race." More than one year later, November 28, 1972, the Commission wrote a letter to each of 10 Negro females to the effect that the Commission had not filed any civil action with respect to their charges as required by Section 706(f) of the Act, 42 U.S.C.A. 2000e–5 and that the Commission had not entered into a conciliation agreement to which they were parties. The letter further advised that "therefore, pursuant to Section 706(f) of the Act, you may institute, within 90 days of your receipt of this Notice, a civil action in the United States District Court having jurisdiction over your case."

No employee, former employee, or applicant for employment filed any action within the 90-day period or at any other time.

This action was instituted by the Commission on March 2, 1973, and the defendant was served with process on March 12, 1973, more than 4½ years after the charge was filed. The plaintiff does not dispute these facts, and in its original and reply briefs contends that the 180-day provision of the statute is not a condition precedent to its right to bring this action. It contends that the action may be brought by the Commission at any time after the charge is filed, except for the first 30 days and for the 90-day period during which the allegedly injured party has the exclusive right. Since both plaintiff and defendant argued and briefed the case as if these facts were properly before the Court on the Motion to Dismiss, the Court will proceed to determine the issue as if the facts were determined under a Motion for Summary Judgment.

The Commission is a creation of the Congress and has no rights or duties other than those conferred by the statute. The original Act did not authorize the Commission to sue, but instead conferred such right upon the aggrieved party exclusively. 42 U.S.C.A. 2000e–5(e). By an amendment which was to become effective March 24, 1972, the Congress re-wrote this section and for the first time authorized the Commission to institute court action, and extended the time period for the aggrieved party to bring action from thirty (30) to ninety (90) days. 42 U.S.C.A. 2000e–5(f)(1). The pertinent part of the 1972 amendment reads:

"If, within thirty days after a charge is filed with the Commission * * *, the Commission has been unable to se-

cure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent * * * named in the charge. * * * If a charge filed with the Commission * * * is dismissed by the Commission, or *if within one hundred and eighty days from the filing of such charge * * *, the Commission has not filed a civil action under this section * * *, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission * * ** shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. * * *" (Emphasis added.)

This statute leaves much to be desired in clarity and precision. It is clear, however, that an aggrieved party must bring an action within the time limit set forth in the statute which is now ninety (90) days. The courts have uniformly held, and the Commission agrees, that this requirement is a condition precedent to the jurisdiction of the court. Stebbins v. Nationwide Mutual Insurance Company, 469 F.2d 268 (4th Cir. 1972); Harris v. National Tea Company, 454 F.2d 307 (7th Cir. 1971); Goodman v. City Products Corp. Ben Franklin Div., 425 F.2d 702 (6th Cir. 1970); Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969); Miller v. International Paper Company, 408 F.2d 283 (5th Cir. 1969); Choate v. Caterpillar Tractor Company, 402 F.2d 357 (7th Cir. 1968); Fore v. Southern Bell Telephone and Telegraph Company, 293 F.Supp. 587 (W.D.N.C.1968).

The statute clearly provides that " * * * the Commission may bring a civil action against any respondent * * named in the charge." The use of the permissive verb "may" imports discretion—thus, the Commission was granted the right or option, but was not compelled to bring a civil action against any respondent named in the charge. If the Commission brings the action, the aggrieved party has a right to intervene. When may the Commission bring such action? The statute says that the Commission may bring such action if it is unable to secure a conciliation agreement from the respondent within thirty days after a charge is filed, or within thirty days after the expiration of any period of reference under Subsection (c) or (d) (State Commissions). The Commission admits that these are conditions precedent to its power and authority to institute actions.

The next question, and the one in issue here, is: How long does the Commission have to bring such actions? The statute is clear that if a charge filed with the Commission pursuant to Subsection (b) is dismissed by the Commission then the aggrieved party shall be notified and his right of action accrues and continues for a period of ninety days. After that, no power to bring action exists either in the Commission or the aggrieved party. If the Commission has reasonable grounds to believe a violation of the Act has occurred and has not (1) within one hundred and eighty days from the filing of the charge or the expiration of any period of reference under Subsection (c) or (d), whichever is later, filed such action under this section; or (2) has not entered into a conciliation agreement to which the aggrieved person is a party, then the Commission shall notify the aggrieved person and his right of action accrues and continues for a period of ninety days. If the aggrieved party brings an action "upon timely application, the court may, in its discretion, permit the Commission * * * to intervene in such civil action upon certification that the case is of general public importance." Thus, it

appears that the Commission's power to institute action ceases if a suit is not filed within one hundred and eighty days from the filing of the charge or the expiration of any period of reference under Subsection (c) or (d), whichever is later. (Subsection (c) or (d) does not apply here.) The power and right to bring a civil action in court is then transferred by the statute to the aggrieved party, or if such charge was filed by a member of the Commission, to the person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

The Commission admits that it has no power to institute an action during the ninety day period in which the aggrieved party has the exclusive right to sue. However, it contends that the power to institute action reverts to the Commission after the expiration of the ninety day period if the aggrieved has not filed suit. This Court does not interpret the statute as granting such power.

A careful examination of the voluminous legislative history of the 1972 Amendment reveals very few clues as to Congressional intent on the exact question involved here. The debate indicates clearly that Congress desired to end discrimination in all employment in the land on account of race, color, religion, sex, or national origin. While most of the controversy in both Houses of Congress centered around the issue of whether the Commission would be given quasi-judicial power to hear and determine complaints and to issue cease and desist orders, or merely be given the right to bring actions in court, it is clear there was no intent expressed anywhere in the debate to confer unlimited power upon the Commission to bring action on a claim regardless of its age.

During the debate there was grave concern expressed over the delays in processing charges and the difficulties encountered by aggrieved parties and respondents alike with stale charges. Fear was expressed that court actions would delay resolution of the problems because of congested dockets. The avowed purpose of the legislation was to bring all employers into compliance. Great emphasis was placed upon compliance rather than court action. The courts were given broad injunctive power and award of damages was played down. The courts were authorized to stay proceedings, upon request, for not more than sixty days to permit further efforts by the Commission to obtain voluntary compliance. Time limits were placed upon the filing of charges and the aggrieved party's right to bring a civil action. The entire debate and the statute itself imply prompt procedures rather than the grant of unlimited authority claimed by the Commission.

This Court holds that the statute contains a limitation upon the Commission's power or authority to bring suit. It is not a statute of time limitation in the ordinary sense. The Commission had no power to sue prior to the 1972 Amendment. The right of action here has life and existence only according to the expressed provisions of the statute which created it. This enactment brought into being rights, duties, and liabilities unknown to the common law, and they exist only to the extent conferred by the statute.

As the Supreme Court said in United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S., 157, 162, 34 S.Ct. 550, 58 L.Ed. 893, 897 (1914), with reference to another statute:

> "The statute thus creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself."

The Fifth Circuit, in following this well-settled principle, said in Simon v. United States, 244 F.2d 703, 705 (1957),

quoting 34 Am.Jur., Section 7, pp. 16–17:

"A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right."

■ The Commission seems to contend that the Congress gave it unlimited power to bring about equal employment opportunities in the nation and that nothing in the statute should be construed as limiting such authority. It is true that Congress conferred upon the Commission the duty and responsibility of enforcing certain important rights contained in the statute, but it is not necessary to rely upon stale charges to accomplish this purpose. The failure of an employer to comply with the Act is a continuing offense and new charges may be filed and new actions instituted. It is not necessary for the Commission or the courts to be plagued with charges five years old in order to meet the requirements of the law for compliance. Here, the alleged aggrieved parties were given the opportunity to sue and they did not do so. If the Respondent is now in compliance, the ultimate purpose of the law has been accomplished. On the other hand, if the Company is not in compliance, new charges may be filed and a new civil action brought. Current charges would eliminate the problem of dimmed memories of witnesses and lack of employment records dating back to the period of 1965.

The Court concludes that the action was not brought in compliance with the statute, and the Motion to Dismiss will be allowed. An Order dismissing the action will be entered simultaneously herewith.