370 F.Supp. 579 (1973)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
Robert P. CRONIN et al., Defendants.
No. 73 C 268(2).
United States District Court, E. D. Missouri, E. D.
December 7, 1973.
*580 William A. Carey, Gen. Counsel, Charles F. Wilsion, Associate Gen. Counsel, E.E.O.C., Washington, D. C.; Ronald J. James, Regional Atty., Helen V. Porter, Associate Regional Atty., William T. Coleman, Asst. Regional Atty., Earl Williams, Trial Atty., E.E.O.C., Chicago, Ill., Gretchen Houston, District Counsel, E.E.O.C., St. Louis, Mo., for plaintiff.
Veryl L. Riddle and Robert F. Scoular of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
REGAN, District Judge.
Defendants' motion to dismiss this Title VII action poses the question of whether the prior filing and prosecution of a private class action pursuant to a "right to sue" notice precludes the later filing of a duplicitous action by the Commission. We answer this question in the affirmative as did Judge Wangelin of this Court in EEOC v. Missouri Pacific Railroad Company in Civil Action No. 73 C 201(3). And we note that Chief Judge Meredith also ruled against a multiplicity of actions when presented with the issue of whether an aggrieved party was entitled to bring an action after the EEOC had filed a lawsuit based on his complaint. Crump v. Wagner Electric Corp., Civil Action No. 73 C 346(1).
The statute (Section 2000e-5(f)(1), 42 U.S.C.) gives the Commission 180 days after the filing of a charge (or the expiration of any period of reference under subsection (c) or (d), if that is later) within which to file an action. The aggrieved party has the right to intervene in any such action. However, only in the event the Commission fails to timely sue (or to enter into a conciliation agreement) is an aggrieved party entitled to sue, and this right exists for only a period of 90 days after being so notified. If the individual party does bring suit, the Court may in its discretion permit the Commission to intervene upon certification that the case is of general public importance.
In the present case the Commission did not sue within 180 days nor did it enter into a conciliation agreement. The charging party was thereafter duly notified of her right to sue within 90 days and she timely filed such action. Nevertheless, the Commission thereafter filed this suit based on the same grounds.
We have found no evidence of any Congressional intent to permit duplicitous actions. What little evidence there is leads to the contrary conclusion. In its report on an earlier version of the amendment which would have granted cease and desist power to the Commission, the House Committee expressed its concern that duplicitous proceedings should be avoided. H.R.Rep. No. 92-238, 92nd Cong. (1972), U.S.Code Congressional Administrative News, pp. 2137, 2148. That the Commission was given authority to seek resolution of legitimate unreconcilable disputes through judicial procedures rather than through cease and desist orders in no wise manifests an intent of Congress to permit duplication of proceedings. On the contrary, the statutory language is consistent only with an intent to avoid multiplicity of actions.
Moreover, the fact that charging parties are permitted to intervene as of right in actions filed by the Commission indicates to us the Congressional desire *581 to protect the individual's paramount right to redress without resort to a separate, independent action. On the other hand, the very fact that only a limited permissive right of intervention in private suits is granted to the Commission appears to us to evidence a limitation upon the Commission's right to sue, particularly in routine cases where the matter is not of general public importance.
The public interest is adequately protected by the fact the Commission has at least six months in which to sue, during which period it has the exclusive power to do so. Hence, if the Commission fails to sue within that substantial period of time, such failure is to be equated with a determination to forego Commission action based on the complaint in favor of a private action authorized by its 90-day notice to the aggrieved individual. Once that suit has been filed, the cause of action has been pre-empted, subject of course to the limited right of intervention which exists only if the Commission concludes and certifies that the case is of general public importance.
It simply makes no sense for Congress to drastically restrict the right of the Commission to intervene in the private action if the Commission can achieve the same result by filing a separate suit without certifying that the suit is of general public importance and then (as here) moving to consolidate the two cases. Hence, if the Commission believes that the private case is in fact of general public importance (and why otherwise would it have filed a duplicitous suit?), it should so certify, and make an adequate showing that the public interest warrants intervention and that the rights of the aggrieved party would not be adversely affected thereby.
It follows that defendants' motion to dismiss is well taken. The foregoing disposition of the motion makes unnecessary a determination of defendants' further contention that in any event the Commission is barred by the statute from instituting an action after the expiration of the 180-day period following the filing of the charge. Cf. EEOC v. Cleveland Mills Co., D.C.N.C., 364 F. Supp. 1235.
Accordingly, it is hereby ordered that this action be and the same is hereby dismissed without prejudice to the right of plaintiff to file an application to intervene in the pending private action.