372 F.Supp. 1117 (1973)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
HICKEY-MITCHELL COMPANY, Defendant.
No. 73 C 296(4).
United States District Court, E. D. Missouri, E. D.
September 21, 1973.
Motion for Protective Order December 21, 1973.
*1118 Wm. A. Carey, Gen. Counsel, Chas. F. Wilson, Associate Gen. Counsel, E.E.O. C., Washington, D. C., Ronald J. James, Regional Atty., and Steven N. Klein, Ass't. Regional Atty., Regional Litigation Center, Chicago, Ill., Donald J. Stohr, Daniel Bartlett, Jr., U. S. Attys., St. Louis, Mo., Gretchen Houston, Dist. Counsel, E.E.O.C., St. Louis, Mo., for plaintiff.
F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This action is before the Court upon the motions of the defendant Hickey-Mitchell Company (a) to dismiss, strike or for a more definite statement of, the plaintiff's complaint; and (b) for a protective order respecting certain interrogatories served by plaintiff on two officials of the defendant.
*1119 This is an action by the Equal Employment Opportunity Commission ("EEOC") against the defendant employer for equitable relief to remedy certain alleged discriminatory employment practices pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The plaintiff's complaint alleges that a person claiming to be aggrieved has filed with the EEOC, more than thirty days prior to the institution of this action, a charge of discrimination against the defendant. The complaint alleges in Count I that defendant engaged in employment practices that discriminated against black employees on the basis of race, and in Count II that defendant engaged in employment practices that discriminated against female employees on the basis of sex.
In support of its motion to dismiss, to strike or for a more definite statement defendant has attached thereto documents which purport to be (a) a charge filed by one Margo Owens with the EEOC; (b) the EEOC district director's findings of fact; (c) the exceptions of the defendant to the district director's findings of fact; (d) a letter dated November 30, 1972, from the EEOC to the defendant; and (e) a letter dated January 12, 1973, from the defendant to the EEOC.
Defendant moves to dismiss this action, first, because this judicial action was not timely filed in that it was not brought within the time required by 42 U.S.C. § 2000e-5(f). The authority to bring a civil action was granted to the EEOC by the 1972 amendments to Title VII. These amendments are applicable to those administrative charges pending with the EEOC on the date the amendments were enacted, March 24, 1972. P.L. 92-261, § 14. Neither party disputes, and it plainly appears from the various exhibits filed by both the plaintiff and the defendant, that this action results from the charge filed by Margo Owens with the EEOC in March of 1972 and that, therefore, this charge was pending with the EEOC on March 24, 1972.
Defendant asserts that on January 12, 1973, it notified the EEOC that it was unwilling to conciliate the Owens charge, and that this action was not filed until May 9, 1973. Although the defendant did not file a memorandum in support of its motions in violation of Rule VII, subd. c(2) of the local rules of this Court, defendant stated in oral argument that Title VII requires the EEOC to file its suit within one hundred and eighty days after the filing of the charge by the EEOC. 42 U.S.C. § 2000e-5(f)(1) states in pertinent part as follows:
If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, which ever is later, the Commission has not filed a civil action under this section or . . . the Commission has not entered a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . .
This statutory section which empowers the EEOC to bring a civil action against any respondent named in the administrative charge before the EEOC does not explicitly establish a period of limitation within which the EEOC must sue if it is to sue at all. The Court is of the opinion that the aforesaid one hundred and eighty day period is not a period after which the EEOC may not bring its action. Equal Employment Opportunity Commission v. Bartenders International Union (AFL-CIO), Local No. 41, 369 F.Supp. 827 (N.D.Cal.1973). It does not appear to the Court that this is a *1120 case of duplicitous lawsuits by the EEOC and the person aggrieved. See, Crump v. Wagner Electric Company, 369 F.Supp. 637 (E.D.Mo.1973).
Defendant next asserts that Margo Owens did not exhaust the remedies available to her before the Missouri Commission on Human Rights pursuant to § 213.010, R.S.Mo.1969, V.A.M.S., as required by 42 U.S.C. § 2000e-5(d) (prior to 1972 amendment). Whereas the plaintiff has alleged compliance with all necessary conditions precedent to suit, Fed.R.Civ.Pro. 9(c), defendant has not shown (and it does appear to the contrary from the exhibits proffered by the EEOC) that Owens did not exhaust her rights before the state commission. Cf., Dubois v. Packard Bell Corp., 470 F.2d 973 (10th Cir. 1972).
Next, defendant asserts that the Owens charge was not timely filed with the EEOC and that the charge was not timely served on the defendant.
The defendant's exhibit (a photocopy of the Owens charge) recites the charge as follows:
I started working at this Company 1 month before white employee doing the same work, but she makes more than I do. We both have proof that our work is the same and the amount put out is about the same, sometimes I do more. Still the personnel director says that she has more qualifications, but he couldn't tell me what the qualifications were. He said that if my salary was not sufficient, then he was sorry.
This charge was signed by Owens on December 28, 1971, and indicated the month of October, 1969 as the most recent date on which this discrimination took place. It is the opinion of the Court that this alleged violation is in the nature of a continuous discriminatory actionthe maintenance of the aggrieved person in a racially discriminatory wage scalethat possibly continued during the duration of her employment with defendant. Tippett v. Liggett & Myers Tobacco Company, 316 F.Supp. 292 (M.D.N.Car.1970); Watson v. Limbach Company, 333 F.Supp. 754 (S.D. Ohio 1971). Furthermore, the EEOC has alleged that defendant is committing discriminatory practices of a continuous nature. The Court will rule this ground for its motion against the defendant for the reason that it appears from the papers and exhibits filed herein that Owens' employment with defendant continued until February, 1972. The charge appears to have been filed with the EEOC on March 15, 1972, after deferral to the Missouri agency.
Contrary to the statement in defendant's motion that service of the EEOC charge was made on October 9, 1972, defendant's exhibits indicate that service was made on August 9, 1972. Any failure of the EEOC to serve defendant with the charge until that date is not a bar to this action. Logan v. General Fireproofing Company, 309 F.Supp. 1096 (W.D.N.Car.1969).
Defendant next seeks to dismiss or to strike from Count I those allegations not made in the Owens' charge. As stated above, the EEOC charge related to a discriminatory wage scale. The EEOC judicial complaint alleges in Count I discriminatory employment practices involving hiring practices, job classification, rates of pay, interdepartmental transfers, and promotions. The Court is of the opinion that the allegations of Count I are within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" made by Owens. Sanchez v. Standard Brands, Inc., 431 F.2d 455, at 466 (5th Cir. 1970). For this reason, this point is ruled against defendant.
Defendant levels the same attack against Count II which alleges discriminatory practices on the basis of sex. Owens did not mention sexual discrimination in her charge. The Court is of the opinion that the allegations of Count II, based upon sexual discrimination are not reasonably within the scope of an investigation of the Owens EEOC charge. *1121 Fix v. Swinerton and Walberg Company, 320 F.Supp. 58 (D.Colo.1970). Therefore, Count II will be dismissed.
Defendant moves for a more definite statement of the EEOC claims. The Court believes that Count I gives defendant sufficient notice of the claim against it. Further information should be sought through the federal rules of discovery. The motion for a more definite statement will be denied.
Defendant's motion for a protective order allowing it thirty days from the date of this order in which to answer the interrogatories propounded by the plaintiff will be granted.

ON MOTION FOR PROTECTIVE ORDER, TO COMPEL DISCOVERY, AND TO STRIKE PORTION OF ANSWER.
This action is before the Court upon the motions (1) of the defendant Hickey-Mitchell Company for a protective order regarding the request for discovery pursuant to Rule 34, Federal Rules of Civil Procedure filed by the plaintiff Equal Employment Opportunity Commission on October 1, 1973; and (2) of the plaintiff (a) to compel discovery and (b) to strike certain portions of the defendant's answer.
Plaintiff's Rule 34 request seeks extensive discovery of documents and data compilation records used by defendant at its Lindell Boulevard location, in personnel administration, from January 1, 1965 to the present date. Defendant objects to the Rule 34 request on the basis that the scope of this discovery is broader than the administrative investigation performed by the plaintiff of the charge of Margo Owens before this action was commenced. Defendant also argues that this Rule 34 request is a "fishing expedition". Defendant has moved for a protective order that requires plaintiff to disclose the scope of plaintiff's administrative investigation before the Court rules on plaintiff's motion to compel the discovery sought by the Rule 34 request.
A claim asserted by the Equal Employment Opportunity Commission in a lawsuit brought under Title VII is properly as broad in scope as "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination [emphasis added]" made by the aggrieved party. See, page 1120 of the memorandum of the Court filed in this action on September 21, 1973, citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, at 466 (5th Cir. 1970). The Court can find no authority, and the defendant cites none, for the proposition that the scope of discovery properly sought by the plaintiff after commencement of a Title VII action is limited to the scope of the administrative discovery conducted before commencement of the action. Rather, it is limited in scope by the provisions of the federal civil discovery rules, especially Federal Rule of Civil Procedure 26(b). The Court will overrule defendant's objection to the scope of the Rule 34 request insofar as said request is directed toward those matters properly discoverable, under the federal discovery rules, with regard to Count I of the plaintiff's complaint. The Court will order defendant to respond subject to the Court's ruling on the defendant's motion for a protective order.
The Court will grant the defendant's motion for the protective order sought for the reason that the expense and burden placed upon the defendant by reason of the Rule 34 request might be obviated if the Court were to rule against plaintiff on defendant's allegation that plaintiff failed to make a good faith effort to investigate the charge of Margo Owens, the charging party herein (see paragraph 3d of defendant's answer). This allegation, as stated below, is material to the issue of whether plaintiff was unable to secure an acceptable conciliation agreement. No such objection *1122 on the bases of expense or burden is made by defendant against other discovery sought by plaintiff in the instant motion to compel discovery.
Plaintiff moves for an order compelling defendant to answer Interrogatories Nos. 19, 20, 22, 24, and 25 propounded on May 30, 1973. No. 19 seeks certain information regarding all black employees hired from January 1, 1966 to date; defendant responded thereto that the "[r]ecords don't indicate which employees are black". Interrogatory No. 20, seeking information regarding all female employees of defendant, will not be ordered answered for the reason that Count II of the complaint, relating to sexual discrimination, has been dismissed. Interrogatory No. 22 seeks certain information regarding all white males hired from January 1, 1966 to date; defendant responded that "[e]mployees are not classified as white male". Interrogatory No. 24 seeks information regarding white male, black male, white female, black female, and Spanish surnamed male and female persons currently employed by defendant in St. Louis; defendant responded that "[r]ecords don't classify persons in the manners requested". Interrogatory No. 25 seeks information regarding the job classifications or departments at defendant's St. Louis offices; defendant responded by reference to "the Annual Salary Review furnished by Mr. Sapp". Such is an adequate response. See, Fed.R.Civ.Pro. 33(c).
Regarding Interrogatories Nos. 19, 22 and 24, the defendant has directed the Court's attention to pages 61 and 62 of the October 9, 1973 deposition of John Sapp. Defendant asserts that Mr. Sapp's answers to the questions put to him are a sufficient answer to those interrogatories. The Court agrees that Mr. Sapp sufficiently indicated which of those employees noted on Exhibits 1-A through 1-D are Negroes. To that extent his oral answers are sufficient answers. However, the interrogatories seek more information about employees hired from January 1, 1966 to date than the information given by Mr. Sapp. These interrogatories enquire about other categories of employees besides Negroes. To the extent that Mr. Sapp did not indicate characteristics of employees other than Negro and to the extent that he did not cover employees hired from January 1, 1966 to date but not on the Exhibits 1-A through 1-D, his answers are inadequate as answers to interrogatories 19, 22 and 24. Defendant's written answers to these interrogatories are also inadequate. Defendant should seek the required answers by whatever reasonable means are available, e. g. personal observation and recollection, if corporate records are inadequate.
Plaintiff moves for an order compelling Defendant's Personnel Manager to answer the following questions asked him on October 9, 1973, in an oral deposition:
Q. Looking at Exhibit 1-A through 1-D for identification, could you take each of those positions and there is a column named "positions" at the top, printed on each of the pages, 1-A through 1-D and on 1-A the first position opposite the name Frieda Jacks is file clerk. Could you tell or will you take each of those positions and tell me what the qualifications are that an applicant must have to fill each of those positions, if there are any such qualifications required?
* * * * * *
Q. . . . I am asking you to take each position that appears on 1-A through 1-D, for identification, and tell me what the hiring qualifications are, if any?
The defendant objects to these questions for the same reasons given with regard to the Rule 34 request, supra, e. g., burdensomeness and scope of discovery. The Court is of the opinion that such questions are within the Rule 26(b) scope of discovery. However, the Court *1123 believes the interrogatee should be allowed to answer these questions in writing pursuant to Rule 33. However, the answers to these questions may be the subject of a subsequent deposition of Mr. Sapp by oral interrogatories.
Plaintiff's request for the reasonable expenses of prosecuting this motion will be denied.
The motion of the plaintiff to strike from defendant's answer certain paragraphs will be granted as to paragraphs 3b, 3c, 3d (with the exception that the allegation that plaintiff failed to make a good faith effort to investigate the charge of Margo Owens shall not be stricken), 4, 5, 6, and 7. In all other respects the motion will be denied.
The plaintiff has objected to Interrogatories Nos. 1, 2, and 3 propounded by defendant on October 22, 1973 regarding the scope of the plaintiff's administrative investigation. Plaintiff objects on the basis of relevancy. The Court is of the opinion that it has not been shown that the matter sought to be discovered is entirely irrelevant to the subject matter of the pending action, especially the jurisdictional issue of whether the plaintiff was unable to secure an acceptable conciliation agreement. See, 42 U.S.C. § 2000e-5(f)(1). And see, the memo of the Court filed October 5, 1973 in Equal Employment Opportunity Commission v. Wagner Electric Corporation, Civil Action 73 C 310(4), in this Court. The Court would order the interrogatories answered.[1]
The Court is of the opinion that justice will best be served in this action if the issue of whether the plaintiff was unable to secure an acceptable conciliation agreement is decided prior to the issues material to plaintiff's claim of discrimination. For this purpose an evidentiary hearing will be set in the order accompanying this memorandum.
NOTES
[1] In light of this ruling, a motion to compel these answers should be unnecessary.