**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**v.**

**DUFF BROTHERS, INC.**

**Civ. A. No. 6817.**

United States District Court, E. D. Tennessee, S. D.

Sept. 27, 1973.

Annette Ball, EEOC, Atlanta Regional Litigation Center, Atlanta, Ga., for plaintiff.

John P. Gaither, Witt, Gaither, Abernathy & Wilson, Chattanooga, Tenn., for defendant.

MEMORANDUM and ORDER

FRANK W. WILSON, Chief Judge.

This case is presently before the Court on a motion by the defendant to dismiss the complaint or, alternatively, to enter a summary judgment in the defendant's favor. The substance of the defendant's motion is that the action is barred by the provisions of § 706(f)(1) of the Civil Rights Act of 1964, 42 U.S. C. § 2000e–5(f)(1) or, alternatively, by the one-year statute of limitations found in Tennessee Code Annotated § 28–304.

The present action finds its genesis in charges filed with the plaintiff by one Nathaniel Carter, an employee of the defendant, in August of 1969. Service of

the charge by the plaintiff was made on the defendant in October of 1969. The parties were unable to reach a conciliation agreement, and, after an investigation, the plaintiff found reasonable cause to believe the charges were true in part. Again, the plaintiff tried unsuccessfully to reach a conciliation agreement, and finally in March of 1972, the plaintiff notified Mr. Carter that he could, within thirty days, institute a private civil action to redress his grievances. No action appears to have been taken by the charging party. Subsequently, the present action was filed by the Equal Employment Opportunity Commission on July 17, 1973.

The plaintiff Commission did not have authority to institute a lawsuit of this nature until March 24, 1972, when the Civil Rights Act of 1964 was amended to provide the Commission with this authority. Public Law No. 92–261, 86 Stat. 103 (March 24, 1972). That amendment provides in pertinent part:

> If within thirty (30) days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleged was aggrieved by the alleged un-

lawful employment practice. 42 U.S. C. § 2000e–5(f)(1).

Before the amendment, a civil action could only be initiated by an aggrieved party who brought suit within thirty days after receipt of the Commission's notice of right to sue. Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970) cert. denied 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971).

■ The defendant contends that the language of the 1972 amendment places a similar limitation on the Commission by providing that a suit must be initiated within one hundred and eighty days after a charge is placed. The Court, however, can find no language in the Act that properly could be interpreted as a limitation on the initiation of actions by the Commissioner. In regard to the one hundred eighty day period alluded to by the defendant, the Act merely provides that the Commission must notify the aggrieved party of his right to initiate private action in the event that the Commission does not itself institute action within one hundred eighty days after a charge as been filed. *See* EEOC v. Bartenders International Union, C.A.No. C–73–0518, Employment Practices Decisions ¶ 8702 (N.D.Cal. June 22, 1973). Furthermore, any such restrictive interpretation upon the authority of the Commission to initiate civil actions would appear to be contrary to the legislative purposes of Congress in enacting the 1972 Amendment. H.R.Rep.No.92–238, 92nd Cong., 1st Sess., 1972 U.S. Code Cong. & Admin.News, p. 2137.

■ ■ The defendant's second contention is that the action is barred by a state statute of limitations. While this is the general rule where no limitations period is provided by federal law, see O'Sullivan v. Felix, 233 U.S. 318, 34 S. Ct. 596, 58 L.Ed. 980 (1915), an exception must be made where the Federal Government or one of its agencies is the plaintiff. Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L. Ed. 313 (1939); Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51

S.Ct. 608, 75 L.Ed. 1289 (1930). This exception, which is founded upon concepts of sovereign immunity and federalism, is particularly applicable to the present case where the Government seeks to enjoin practices that are alleged to be contrary to public policy as laid down in the United States Constitution and in the Laws of Congress.

The defendant's motion to dismiss the complaint or to enter a summary judgment thereon will be denied.

It is so ordered.