**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant.**

**No. CA 73–H–665–S.**

United States District Court,
N. D. Alabama,
S. D.

Jan. 8, 1974.

tion Center—EEOC, Atlanta, Ga., for plaintiff.

Charles A. Powell, III, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

HANCOCK, District Judge.

This cause was heard at the regularly scheduled motion docket on January 4, 1974, on the motion of defendant Louisville and Nashville Railroad Company to dismiss the complaint or in the alternative for summary judgment. Since resolution of the issues raised by this motion requires reference to affidavits and exhibits extrinsic to the complaint, the motion will be disposed of as one for summary judgment. In ruling on this motion the Court is relying on (1) the complaint, (2) the affidavits and exhibits attached to defendant's motion to dismiss and defendant's report on conciliation, (3) the affidavits and exhibits attached to the Commission's memorandum in opposition to defendant's motion to dismiss, and (4) argument of counsel.

The undisputed facts are as follows: On April 27, 1970, a charge was filed by the charging party against respondent L & N charging that respondent had discharged the charging party because of race. Notice of the charge was served on respondent; and the Commission's investigation was culminated on November 24, 1970, when the Commission's District Director entered findings of fact that indicated that race was not a factor in the discharge of the charging party. Nothing further occurred between the Commission and respondent until thirteen months later when respondent received the Commission's decision dated December 30, 1971, finding that respondent had discriminated with regard to race in two specific hiring practices. Conciliation efforts were initiated by the Commission on March 9, 1972; and the Commission and respondent en-

tered into conciliation discussions thereafter until May 31, 1972, at which time respondent received a letter from the Commission informing respondent that conciliation efforts had failed and that a notice of right-to-sue letter had been issued to the charging party. No suit has been filed by the charging party, but on July 16, 1973, the Commission filed the present action.

On the motion of the defendant, this Court on September 10, 1973, entered an order staying proceedings herein for 60 days pending further efforts of the Commission to obtain voluntary compliance as provided in the 1972 Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1). Subsequent to the entry of this order the Commission's Regional Litigation Center determined that it could not refer the case to the District Office for further efforts at conciliation. Rather, the Litigation Center determined that it must maintain control over the case, and that therefore the protections afforded to conciliation efforts by 42 U.S.C. § 2000e–5(b) (Supp.1972), would not be applied to any further discussions held in attempting to obtain voluntary compliance. Upon expiration of the 60 day stay, defendant filed the motion under consideration asserting, inter alia, (1) that this Court lacks jurisdiction to entertain this suit by the Commission because of the failure of the Commission to file this suit within 180 days after the filing of the charge, and (2) that this action should be dismissed because of the failure of the Commission to follow its own regulations and give defendant notice that the Commission deemed conciliation efforts to be ended unless reinstated by defendant.

The first question raised by defendant's motion is as follows: What rights, if any, does the Commission have to file suit after the 180th day from the date the charge is filed?[1]

---

1. Since the instant action was filed approximately 16 months after the effective date of the 1972 Amendment to Title VII, it is not necessary for the Court to decide whether suits could be filed within 180 days after such effective date with regard to all charges filed on or before the effective date.

The answer to this question must be found in Section 706 of the Act, as amended, 42 U.S.C. § 2000e–5 (Supp. 1972) since the Commission has no authority to file suit except as may be created therein. The basic statutory scheme contemplated by such Section 706 (excluding those cases where the charge is referred to a state agency and those cases where the Attorney General brings suit) is as follows: The aggrieved person or a member of the Commission has 180 days from the date that the alleged unlawful employment practice occurred to file a charge. Notice of the charge is to be served upon the respondent named therein within 10 days, and for 30 days after the filing of the charge no party may file suit. If the Commission has not been able to secure a conciliation agreement acceptable to the Commission within 30 days, the Commission may file a civil action in which the aggrieved party may join. Should the Commission fail to file suit within 180 days after the charge has been filed, the Commission must give the aggrieved party notice of his right to sue within 90 days after the giving of such notice. Upon certification that the case is one of general public importance, the Commission may be allowed, in the discretion of the Court, to intervene in the aggrieved party's suit.

It is the opinion of this Court that the time period from the 30th day after a charge is filed until the 180th day after the charge is filed is the sole time within which the Commission may file suit on its own behalf (except in instances where the charge is referred to a state agency or where the Attorney General brings suit, neither of which are present in the instant action). Further, since an aggrieved party must bring suit within the statutory time limits, Genovese v. Shell Oil Co., 488 F.2d 84 (5th Cir., 1973), the act does not authorize *any* suit to be filed after the 270th day from the date the charge was filed. Therefore, from the undisputed fact that this action was not filed by the Commission until over three years after

the charge upon which the action is based was filed, it is the conclusion of this Court that this Court lacks jurisdiction and that this action must be dismissed.

The above result was reached by the district court in EEOC v. Cleveland Mills Co., 364 F.Supp. 1235 (W.D.N.C. 1973). For the reasons expressed in that opinion, together with those expressed herein, the Court feels compelled to reach the above result, notwithstanding the fact that there is some authority to the contrary. EEOC v. Bartenders International Union, Local 41, 369 F. Supp. 827 (N.D.Cal.1973); EEOC v. Mobil Oil, 362 F.Supp. 786 (W.D.Mo.1973).

As the Court stated in *Cleveland Mills*, "This statute leaves much to be desired in clarity and precision." 364 F.Supp. at 1237. Compounding the problem is the fact that the legislative history relating to the 1972 Amendment to the Act provides little guidance to the Court on the matter under consideration. It appears from the report of the House Committee on Education and Labor that the statutory scheme was developed with the intent of structuring the Commission as a quasi-judicial administrative agency, much like the National Labor Relations Board, with the power to enforce Title VII through the issuance of complaints heard by an internal administrative tribunal and followed by the issuance of cease and desist orders. *See* House Report No. 92–238, vol. 2, U.S. Code, Congressional and Admin.News, pp. 2137–2179 (92nd Congress 2nd Session 1972). However, the report of the House Senate Conferees on the final version of the bill shows that the plan to give the Commission enforcement powers through the medium of civil actions in the federal district courts was substituted by amendment. *Supra* at pp. 2179–2186.

Where a statute creates a new right but also contains limitations on the right created, the limitations become a part of the right created and must be complied with strictly. United States v.

McCord, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893 (1914). As the court in *Cleveland Mills* quoted from the Fifth Circuit in *Simon v. United States*, 244 F.2d 703, 705:

"A statute which in itself creates a new liability, [giving] an action to enforce it unknown to the common law, and [fixing] the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right."

It follows that any conditions that Congress may have attached to the right of the Commission to bring a civil action must be complied with before the Commission can maintain such an action.

The Commission contends that Congress placed no time limitations on its right to bring suit to enforce Title VII, and in support of this position the Commission refers to the legislative history which shows clearly that in considering the 1972 Amendment Congress was concerned with the backlog of charges before the Commission. One of the reasons for this Congressional concern was the damage done to the rights of aggrieved persons as a result of administrative delay. From the statute it would appear that Congress intended to remedy the injustice caused by this delay by forcing the Commission to allow the aggrieved party to file an individual suit if the Commission had not acted within the 180 day limit. It does not follow that because Congress was aware of the delay that attended Commission proceedings prior to the 1972 Amendment that Congress must be taken to have placed no time limitations on the right of the Commission to file suit.

■ Support for the opinion that Congress placed a 180 day limit on the right of the Commission to file suit can be found from the scheme of Section 706(f)(1). The very fact that the 1972 Amendment gave the Commission a conditional right to intervene in a private suit brought after the 180 day period shows a Congressional intent to foreclose the Commission from filing suit on its own behalf after the 180 day period. If Congress had not intended for the 180 day period to limit the Commission's right to file suit, Congress need not have made express provision for the right of the Commission to intervene in a private suit. Congress did so provide, however, and this provision must be given meaning. The entire statutory scheme appears to contemplate a procedure where the rights of aggrieved persons would be promptly vindicated by either voluntary compliance or the filing of a civil action within a maximum of 270 days. The Commission's contention that a respondent may be held in a state of suspended animation with the threat of a massive and expensive lawsuit for an indefinite period of time after both the Commission and the aggrieved party have had ample opportunity to sue but have failed to do so cannot be accepted.

■ Without doubt the overriding concern of Congress in passing the 1972 Amendment to Title VII was to achieve prompt and full compliance with the mandate of the Civil Rights Act of 1964 in the area of employment practices. The instant decision does nothing to thwart that intent. Should the employment practices that were sought to be remedied by Title VII continue to exist, fresh charges doubtless will be filed; and the Commission can and must move swiftly to eliminate such practices within the time limitations placed by Congress in the 1972 Amendment. Further, this decision does no harm to the rights of individual aggrieved persons since in every case they have had or will have an opportunity to file suit on their own behalf. But to allow the Commission to extend these time limits indefinitely would prejudice not only respondents, who are placed in a position of never knowing when and if the Commission

might choose to bring suit on charges that are growing ever more stale, but also the rights of as yet unknown aggrieved persons who may be dissuaded from filing fresh charges by the fact that no resolution has been made of a prior charge.

The second ground of defendant's motion for summary judgment relies upon the alleged failure of the Commission to give the defendant notice of the failure of conciliation efforts as required by the Commission's own regulations.

From the language of the Act it is clear that the Commission has a duty to attempt to achieve voluntary compliance from a respondent through "informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b) (Supp.1972). The Commission has promulgated internal regulations designed to insure that effective efforts at conciliation are made prior to its instituting a civil action. 29 C.F.R. § 1601.-23 provides:

> "Should a respondent fail or refuse to confer with the Commission or its representative, or fail or refuse to make a good faith effort to resolve any dispute, the Commission may terminate its efforts to conciliate the dispute. In such event, the *respondent shall be notified promptly, in writing, that such efforts have been unsuccessful* and will not be resumed except upon the respondent's written request within the time specified in such notice." (Emphasis supplied.)

There is no dispute as to the material fact that the Commission did not send defendant the notice required by this regulation. However, it is also undisputed that the Commission did send defendant notice that the aggrieved party had requested and had been issued a right-to-sue letter. This notice also contained a reference to the fact that the Commission had deemed that efforts at achieving voluntary compliance through conciliation had failed.

Where a regulation promulgated by an administrative agency is designed to create important procedural rights, the agency must follow that regulation closely. Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). It has been held that the failure of the Commission to give a respondent the notice required by § 1601.23 must result in the dismissal of a subsequent civil action brought by the Commission. EEOC v. Firestone Tire and Rubber Company, 366 F.Supp. 273 (D. C.Md.1973). As noted by the court in the *Firestone* case, § 1601.23 confers upon a respondent an important procedural right. This right is the right to be notified that the conciliation stage of a Commission proceeding is about to end unless the respondent acts promptly. Thus this notice allows a respondent one last chance to alter its position with regard to the issues being discussed during conciliation with the knowledge that the statutory scheme provides for litigation as the next step.

The Commission contends that § 1601.23 applies only to the respondent who either completely ignores conciliation efforts by the Commission or enters into those discussions in bad faith. Certainly logic as well as notions of fair play would dictate that the respondent who enters into conciliation efforts in good faith is as entitled to the procedural benefits of § 1601.23 as is the recalcitrant respondent.

The Commission next contends that notice of issuance of a right-to-sue letter can substitute for the notice required by § 1601.23. It is the opinion of this court that such notice does not fulfill the requirements of § 1601.23 in that it does not inform the respondent that conciliation discussions may be reopened upon written request. It is doubtful that the failure of the Commission to give a respondent this § 1601.23 notice would prejudice the right of an aggrieved party to file suit since the failure of the Commission to attempt conciliation is not a jurisdictional bar to a suit by an individual. Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969). But insofar as the Commis-

sion is concerned notice of issuance of a right-to-sue letter cannot be substituted for the notice required by the Commission's own regulation in § 1601.23. If the Commission wishes to file a civil action within the 180 day period in which it may do so, it must first conclude conciliation efforts in accord with its own regulations.

In summary, the court is of the opinion that this action was not brought within the time limitations expressed in 42 U.S.C. § 2000e–5(f)(1) (Supp.1972) and that therefore this court has no jurisdiction over this action.

The court is also of the opinion that this action is likewise due to be dismissed for the failure of the Commission to comply with its own regulations in that defendant was never given the notice provided for in 29 C.F.R. § 1601.-23. Accordingly, an order granting the motion for summary judgment and dismissing this action will be entered.