**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

**v.**

**CHRISTIANSBURG GARMENT COM-PANY, INC., Defendant.**

**Civ. A. No. 74–18.**

United States District Court,
W. D. Virginia,
Roanoke Division.

May 7, 1974.

William A. Carey, Gen. Counsel, William A. Robinson, Associate Gen. Counsel, E.E.O.C., Washington, D. C., Arneda J. Hazell, Asst. Regional Atty., Delores Wilson, Regional Attorney, Frank J. Tuk, Acting Associate Regional Atty., E.E.O.C., Philadelphia Regional Litigation Center, Philadelphia, Pa., for plaintiff.

Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Weinstein, Sturges, Odom, Bigger & Jonas, Charlotte, N. C., for defendant.

## OPINION AND ORDER

TURK, Chief Judge.

This is a suit filed by the Equal Employment Opportunity Commission (hereinafter referred to as EEOC or plaintiff) against Christiansburg Garment Company (hereinafter defendant) alleging that defendant has engaged and continues to engage in discriminatory employment practices against black employees in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by Public Law 92–261, 86 Stat. 103 (March 24, 1972). Jurisdiction is pursuant to Title 28 U.S.C. §§ 1343, 1345. The case is now before the court on the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

The chronology of facts material to the resolution of the three grounds for summary judgment asserted by defendant are as follows:

1. On February 1, 1968, Rosa Helm, a black employee, was laid off from her job in the underpressing department of defendant's plant. Although she was recalled to work on March 6, 1968, she filed a charge with the EEOC in May, 1968, claiming that defendant's decision to lay her off had been racially motivated.

2. On December 3, 1968, a perfected charge of discrimination was served on defendant, and in a letter to plaintiff dated December 6, 1968, W. M. Phillips, the manager of defendant's plant denied the charge.

3. Thereafter, the charge was investigated by the EEOC, and by letter dated February 11, 1970, Mr. Phillips was notified that the EEOC had determined that there was reasonable cause to believe that defendant had engaged in the unlawful employment practices alleged in Mrs. Helm's complaint.

4. In March, 1970, the EEOC attempted to enter into a conciliation agreement with defendant, but defendant was unwilling to enter into such an agreement.

5. On July 1, 1970, the EEOC notified Mrs. Helm of her right under § 706(e) of the Civil Rights Act of 1964 to institute a civil action

1. The EEOC contends that summary judgment is inappropriate at this stage because the defendant has not supplied it with all of the information requested. The court is of the opinion that the material facts are not in dispute so far as the grounds for summary judgment are concerned and the additional information sought by the EEOC is relevant to the merits of the case, an issue upon which the court expresses no opinion at this stage.

against defendant, but this was apparently not pursued.[2]

6. On March 24, 1972, the 1972 amendments to the Civil Rights Act of 1964 became effective and for the first time the EEOC was given the power to sue *eo nominee* to secure compliance with Title VII.

7. In December, 1973, counsel for the defendant was notified that the EEOC planned to file the present suit and was invited to seek a voluntary resolution of the dispute. No resolution was achieved with the result that the present suit was filed on January 25, 1974.

Although the court is of the opinion that defendant is entitled to summary judgment with respect to one of the three grounds asserted, thus making unnecessary resolution of the other two, at the request of both parties for purposes of appellate review, the court has agreed to decide all three issues.

## I

The defendant first contends that under § 706(f)(I) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(I), plaintiff is precluded from filing suit more than 180 days after the date the charge was filed or the date the 1972 amendments to the act became effective (March 24, 1972). This section provides in relevant part:

"If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge * * * If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section * * * or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved. * * * *"

The precise issue as to the meaning of the 180 day limitation period in the above statute has been decided by several district courts and has produced a clear split in authority. The following decisions have held that the 180 day period does not have the effect of a statute of limitations on the right of the EEOC to bring suit: Equal Employment Opportunity Commission v. Huttig Sash & Door Co., 371 F.Supp. 848 (S.D.1974); Equal Employment Opportunity Commission v. U. S. Industries, Inc., No. 73–283 (W.D.Tenn. Jan. 2, 1974); Equal Employment Opportunity Commission v. Eagle Iron Works, 367 F. Supp. 817 (D.Iowa 1973); Equal Employment Opportunity Commission v. Duff Brothers, Inc., 364 F.Supp. 405 (E.D.Tenn.1973); Equal Employment Opportunity Commission v. Bartenders International Union, Local No. 41, 369 F.Supp. 827 (N.D.Cal.1973); Equal Employment Opportunity Commission v. Mobil Oil Corporation, 362 F.Supp. 786 (W.D.Mo.1973).

On the other hand, the following decisions hold that the EEOC is barred from bringing suit 180 days after a

---

2. In response to defendant's request for admissions plaintiff stated that it had no independent knowledge of whether Rosa Helm had brought a civil against against defendant, but since defendant would have been a party to such an action, it is here assumed that no such action was pursued.

charge is filed: Equal Employment Opportunity Commission v. Griffin Wheel Co., No. 73–4295 (N.D.Ala. Feb. 5, 1974); Equal Employment Opportunity Commission v. Louisville & Nashville Railroad Co., 368 F.Supp. 633 (N.D.Ala. 1974); Equal Employment Opportunity Commission v. Union Oil Co. of California, 369 F.Supp. 579 (N.D.Ala.1974); Equal Employment Opportunity Commission v. Cleveland Mills, 364 F.Supp. 1235 (W.D.N.C.1973).

■ ■ Although as noted in the *Union Oil Company* case, supra, persuasive arguments can be made in favor of either construction of the statute, upon consideration of the above cases this court finds itself in agreement with the line of authorities holding that the 180 day period was not intended as a time bar on the power of the EEOC to bring suit. Particularly persuasive is the discussion of the statute by Judge Peckam in *Bartenders International Union,* supra. As noted in that case, if the statute is construed as imposing a 180 day time limit on the EEOC's power to bring suit, beginning with the filing of a charge by an aggrieved party, numerous charges pending before the EEOC on March 24, 1972 (when the EEOC's power to bring suit became effective) could not be litigated. This in turn would render § 14 of the 1972 amendments virtually nugatory since this section provides that the EEOC's new powers would apply "with respect to charges pending with the Commission on the date of enactment of this Act. . . ." Pub.L.No.92–261, § 14 (March 24, 1972). Defendant apparently recognizes this inconsistency and seeks to overcome it by arguing that the 180 day period may begin to run either from the date the charges were filed *or* March 24, 1972. If the 180 days referred to in § 706(f)(1) were clearly intended to be a time limitation on the EEOC's new power to bring suit, the court would have to accept defendant's position in an attempt to harmonize § 14 with § 706(f)(1). But the very fact that these sections would have to be har-

monized in this manner raises doubts as to whether the 180 period was meant as a time bar on the EEOC's power to sue.

These doubts are reinforced from a consideration of legislative history. The Section-By-Section Analysis of H.R.1746 as agreed to by the Conference Committee of the Senate and House and subsequently adopted by both houses states with respect to § 706(f)(1):

"It is hoped that recourse to the private lawsuit will be the exception and not the rule, and the vast majority of complaints will be handled through the offices of the EEOC or the Attorney General, as appropriate. However, as the individual's right to redress are paramount under the provisions of Title VII it is necessary that all avenues be left open for quick and effective relief."

Senate Committee on Labor and Public Welfare, Legislative History of the Equal Employment Opportunity Act of 1972, 92d Cong.2d Sess. 1844, 1847 (1972) (hereinafter Legislative History).

But at the time Congress was anticipating that the EEOC would play a primary role in judicially enforcing the Act, it was aware of the lengthy delays involved in processing charges. Thus the House Report accompanying the 1972 amendments, in discussing the need to retain the private right of action, stated:

"The Commission has stated, in testimony before this committee, that its caseload has increased even more rapidly than its projections had anticipated. . . . In the case of the Commission, the burgeoning workload, accompanied by insufficient funds and a shortage of staff, has in many instances, forced a party to wait 2 or 3 years before final conciliation procedures can be instituted. . . ."

H.R.Rep.No.92–238, 92d Cong.2d Sess. 12, 1972; U.S.Code Cong. & Admin. News p. 2147.

The court thus finds it especially difficult to accept defendant's somewhat

tortured construction of § 706(f)(1) in light of this history. As stated in *Bartenders International Union,* supra:

"Mindful of two and three year delays, this court cannot accept defendant's contention that when Congress gave the Commission the right to sue with one hand, it took it away with the other by requiring that the suit be commenced within a time constraint which it knew the Commission could not meet." 369 F.Supp. at 831.

The more reasonable construction of § 706(f)(1) which this court believes to be correct was succinctly stated in Equal Employment Opportunity Commission v. Mobil Oil Corporation, 362 F.Supp. 786 at 792 (W.D.Mo.1973) as follows:

"The scheme established by the statute is simple. First, no one may sue within the first 30 days after a charge is filed. Secondly, between the 30th day and the 180th day (if notice is given to the aggrieved employee) both the EEOC and the aggrieved employee may sue. There is no final time within which the EEOC must sue. The Court does not find the absence of such a limitation unusual in a statute intended to protect civil rights."

## II

Defendant next contends that even if this action is not specifically time barred by the 1972 amendments, it is nevertheless barred by the Virginia two-year statute of limitations governing "every action for personal injuries," Va.Code Ann. § 8–24, as amended (Supp.1973). In Almond v. Kent, 459 F.2d 200 (4th Cir. 1972) this two-year statute of limitation was adopted and held to apply generally to suits under 42 U.S.C. § 1983 in Virginia. In Allen v. Gifford, 462 F.2d 615 (4th Cir.), cert. denied, 409 U.S. 876, 93 S.Ct. 128, 34 L. Ed.2d 130 (1972) the two-year limitation was similarly held applicable to a suit under 42 U.S.C. § 1982 alleging racial discrimination in defendant's refusal to sell the plaintiff a house. Also in

Hickman v. Fincher, 483 F.2d 855 (4th Cir. 1973) the two-year limitation was applied in a racial discrimination case under 42 U.S.C. § 1982. Defendant thus argues from these cases that inasmuch as the EEOC is merely seeking redress for the alleged racial discrimination suffered by Rosa Helm, this suit is subject to the Virginia two-year statute of limitations and as such is time barred.

■ Plaintiff does not argue that defendant is attempting to apply the wrong Virginia statute of limitation to this suit but rather asserts that this suit is being brought by the sovereign to enforce public policy and thus no statute of limitation is applicable unless it clearly appears in the statute itself. The court is of the opinion that if in fact this suit is merely one brought on behalf of Rosa Helm, then the Virginia two-year statute would be applicable, but the issue is whether this suit is properly characterized as one to redress the alleged wrong to Rosa Helm or one to enforce the broader public policy of the Equal Employment Opportunity Act of 1964, as amended. For if the government is suing to enforce public policy, the rule to be applied is "that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its right," United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940) and cases cited therein.

In its complaint the EEOC alleges that since July 2, 1965, the date the Civil Rights Act of 1964 went into effect, the defendant has intentionally engaged in and is continuing to engage in unlawful employment practices against black employees, including but not limited to lay off on account of race. In its prayer for relief, the EEOC asks this court to award back pay, with interest, for those persons adversely affected by the defendant's alleged racial discrimination; a permanent injunction enjoining defendant from any racially discriminatory employment practice; and an order requiring defendant to undertake af-

firmative action to eradicate its past and present allegedly unlawful employment practices. It is apparent from the complaint that the EEOC is interested in much more than the back pay claim of Rosa Helm although it admits that the charge of discrimination filed by Rosa Helm is the only charge filed with the EEOC against defendant.

Since the EEOC is here alleging a pattern and practice of discrimination by defendant with the charge of Rosa Helm being merely a conduit for these allegations, an initial question concerning the permissible scope of plaintiff's complaint must be answered in order to decide defendant's argument that this case is barred by the Virginia two-year statute of limitation. In Sanchez v. Standard Brands, Inc, 431 F.2d 455 (5th Cir. 1970), the Fifth Circuit addressed itself to this question in the context of a discrimination suit filed by a private party in which the defendant asserted that the allegations in the judicial complaint were beyond the scope of the allegations first presented to the EEOC. The court adopted the rule that "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" and stated the rationale of the rule as follows:

> "The logic of this rule is inherent in the statutory scheme of Title VII. A charge of discrimination is not filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC fails to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investiga-

tion than to the words of the charge which originally triggered the investigation. Within this statutory scheme, it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

A more exacting rule would be destructive of the logic of the statutory scheme, for it would impede the ability of the Commission to effect voluntary compliance. If an alleged discriminator knew that a particular issue which was the subject of EEOC conciliation efforts could never be the subject of a civil action, his incentive toward voluntary compliance would be lessened." 431 F.2d at 466.

The logic and hence the rule stated above by the Fifth Circuit in *Sanchez* are equally applicable to a case brought by the EEOC. Equal Employment Opportunity Commission by Mobil Oil Corp., 362 F.Supp. 786, 793 (W.D.Mo. 1973). In the case at bar, plaintiff's complaint is, as noted, considerably broader in scope than the charge filed by Rosa Helm—with the additional breadth presumably resulting from the EEOC's investigation of the charge. Nevertheless, the cope of the complaint is limited to allegations of racial discrimination and these allegations can easily be said to reasonably have been expected to grow out of the investigation of Mrs. Helm's charge.

■ Consideration of the allegations and prayer for relief (which do not even mention Mrs. Helm) demonstrates that the EEOC is here seeking to enforce the public rights and policy embodied in Title VII rather than the purely private rights of Mrs. Helm and other affected employees. See United States v. N. L. Industries, Inc., 479 F.2d 354 (8th Cir. 1973). Thus while the back pay claim of Rosa Helm and possibly others would be barred by the Virginia two-year statute of limitation despite the fact

that the EEOC is the named plaintiff.[3] United States v. Georgia Power Co., 474 F.2d 906, 923 (5th Cir. 1973), the overall suit is not subject to such a bar because of the public interest at stake. Accord, Equal Employment Opportunity Commission v. Eagle Iron Works, 367 F.Supp. 817 (S.D.Iowa 1973); Equal Employment Opportunity Commission v. Duff Brothers, Inc., 364 F.Supp. 405 (E.D.Tenn.1973).

### III

The final basis for summary judgment raised by defendant is that the EEOC was without authority under the 1972 amendments to the Civil Rights Act of 1964, Pub.L.92–261, 86 Stat. 103 (March 24, 1972), to institute this action. Defendant's argument is based on section 14 of these amendments which states:

> "The amendments made by this Act to section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter."

The question presented is whether the charge filed by Rosa Helm on May 3, 1968, was "pending with the Commission" on March 24, 1972, when the Act was amended to give the EEOC the power to bring suit. Prior to the 1972 amendments, the EEOC was limited in its role to investigating charges filed with it and seeking to eliminate the allegedly unlawful practices by "informal methods of conference, conciliation and persuasion." If the EEOC were unable to secure voluntary compliance, the 1964 Act provided that it notify the aggrieved person and such person could then bring a civil action within thirty days thereafter against the person named in the charge. It was pursuant to this procedure that the EEOC sought and failed to enter into a conciliation agreement with defendant in March, 1970, and

thereafter on July 1, 1970, notified Mrs. Helm of her right to institute a civil suit against defendant.

Defendant argues that when Rosa Helm was notified of her right to sue on July 1, 1970, there was nothing left for the EEOC to do, and, accordingly, the charge in question was no longer "pending" before the EEOC. Plaintiff, on the other hand, argues that the issuance of the right-to-sue letter on July 1, 1970, was not tantamount to a dismissal of the charge nor did it preclude the possibility of further action by the EEOC. Plaintiff does not specify what "further action" was available under the original Act nor does it appear that any action was taken until December 3, 1973, well after it had been given the power to bring suit by the 1972 amendments. Yet plaintiff in effect takes the position that any charge filed after July 2, 1965, the effective date of the original Act, which was not dismissed by the EEOC after an investigation or resolved by conciliation can now be said to be pending under § 14 of the 1972 amendments and thus resurrected for suit by the EEOC.

This issue appears to be one of first impression for which this court must look to the wording of the statute and its legislative history for resolution. Initially the court notes that the phrase "charges pending with the Commission" in § 14 would, in common parlance, seem to apply to charges which the Commission was still pursuing toward conciliation. This would undoubtedly include numerous cases, for as noted in Part I of the opinion, at the time of the 1972 amendments delays of up to two or three years were not uncommon.

That this in fact was what was meant by § 14 is demonstrable from the legislative history. Section 14 was not included in either the Senate or House bills when they were reported out of the respective committees, and both bills spe-

---

3. The policy of Title VII would require that the statute of limitations be tolled during the pendency of the EEOC's reconciliation efforts, United States v. Georgia Power Co.,

474 F.2d 906 at 925 (4th Cir. 1973), but such efforts were ended in July, 1970 well over two years before this suit was brought.

cifically made the amendments to § 706 inapplicable to charges filed with the EEOC prior to the effective date of the amendments. H.R.1746, 92nd Cong., 2nd Sess. § 10 (1972); S.2515, 92nd Cong., 2nd Sess. § 13 (1972); Legislative History, pp. 58, 409.

Section 14 which made the amendments applicable to pending charges was offered as an amendment on the floor of the Senate by Senator Javits who stated:

> "Mr. President, this amendment would make whatever we do enact into law applicable to pending cases. The Department of Justice has requested it in a letter to the minority leader; that is my reason for offering it." Legislative History, p. 1674.

The letter refered to in the above passage by Senator Javits has been made a part of the record in this case in support of defendant's motion for summary judgment and states in relevant part:

> "Secondly, the present provisions of S. 2515 (Se. 13) contemplate that the new enforcement provisions would only apply to charges filed after its effective date. We see no reason why the many thousands of persons who have filed charges which are still being processed and who have waited as long as 18 months to two years for resolution of them should not have the benefit of the new enforcement authority."

 It is apparent to the court that the above history of § 14 supports the interpretation that § 14 was not meant to make the EEOC's new enforcement powers completely retroactive to July 2, 1965, but rather was meant to be limited to charges still in the process of negotiation and conciliation. The sweeping interpretation of § 14 argued by plaintiff is supported neither by a common understanding of the word "pending" nor the legislative history. It is clear that by July, 1970, when Mrs. Helm was notified of her right to sue there was nothing further for the EEOC to do with respect to her charge. Since there was no further action to be taken by the EEOC at that time, the court is of the opinion that it was not "pending" when the EEOC's powers were later increased. Therefore, the EEOC was without authority to bring suit in this case, and defendant's motion for summary judgment on this issue is well taken.

Accordingly, for the aforementioned reason, defendant's motion for summary judgment is hereby granted, and this case is ORDERED dismissed.