**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WILSON AND COMPANY, INC., Defendant.**

**Civ. A. No. 74–C–197.**

United States District Court, D. Colorado.

Jan. 27, 1975.

estimates have never been introduced in evidence or subject to cross-examination or rebuttal by opposing counsel.

Sylvian R. Roybal, Denver Regional Litigation Center, Denver, Colo., for plaintiff.

Richard L. Schrepferman, and Edmond F. Noel, Jr., Denver, Colo., for defendant.

## OPINION AND ORDER

CHILSON, District Judge.

This is an action brought by the Equal Employment Opportunity Commission (EEOC) for injunctive and monetary relief for defendant's alleged discriminatory unlawful employment practices as defined in 42 U.S.C. § 2000e–2.

Raymond Bernal filed charges of discrimination against defendant with the EEOC on October 19, 1970, and January 11, 1971. (Affidavit of Jack E. Bolgren, April 22, 1974.) On the "Charge of Discrimination" forms supplied by the EEOC, Mr. Bernal indicated that the alleged discrimination took place on or about February 9, 1970 "& continuing." Specifically Mr. Bernal complained that he had been assigned to the difficult task of "strapping and lifting" in defendant's meat-processing plant solely on the basis of his national origin, "Spanish speaking American," in total disregard of his health and safety. After finding reasonable cause to believe that Mr. Bernal's charges were true, the EEOC sent the required "Notice of Right to Sue" to Mr. Bernal on January 27, 1972. Mr. Bernal did not initiate suit against defendant.

Beginning on or about January 23, 1973, Ms. Cheryl Hinton, representing the EEOC, attempted to negotiate an acceptable conciliation agreement with defendant as required by 42 U.S.C. § 2000e–5(f)(1). After a period of negotiation, Ms. Hinton notified defendant that she had been unable to convince Mr. Bernal, the charging party, to accept defendant's proposed conciliation agreement. Thereafter, by letters dated September 7, 1973, and December 20, 1973, the EEOC notified defendant that it was terminating its conciliation efforts because the charging party had declined defendant's offer (letter of September 7, 1973) and that the offer was therefore not acceptable to the Commission (letter of December 20, 1973). The EEOC also informed defendant of the procedure to be followed for reopening the conciliation negotiations. Defendant took no action in this regard.

The EEOC initiated this action by filing a complaint on March 1, 1974. The Court permitted the EEOC to amend its complaint on January 15, 1975. By its amended complaint, the EEOC alleges that more than 30 days have elapsed since Mr. Bernal filed his charge of discrimination; that the EEOC has found reasonable cause to believe defendant has engaged in unlawful employment practices as defined in Title VII of the Civil Rights Act; and that the EEOC has been unable to obtain an acceptable

informal conciliation agreement from defendant. On the basis of Mr. Bernal's discrimination charge, the EEOC claims that:

"Since at least July 2, 1965 and continuously up until the present time, Defendant has intentionally engaged in unlawful employment practices against Raymond Bernal at its Denver, Colorado facility, in violation of Section 703 of Title VII, including, but not limited to, the following:

"A. On or about February 9, 1970, the Company assigned Raymond Bernal the difficult task of strapping and lifting on the basis of his national origin, Spanish-surnamed American;

"B. Said task of strapping and lifting had previously been done on a rotational basis among the three Anglo and two Spanish-surnamed American employees (Mr. Bernal and Mr. Vega), in the Company's Meat Specialty Department;

"C. As a result of unlawfully assigning Mr. Bernal to the strapping and lifting job, Mr. Bernal has suffered personal expenses and loss of equal employment opportunities because of his national origin, Spanish-surnamed American."

Amended Complaint at Paragraph 8. The amended complaint prays for an order enjoining defendant "from engaging in any employment practice which discriminates against Bernal because of national origin," and for monetary compensation for the effects of the alleged discrimination, including back pay.

On April 19, 1974, defendant filed motions to dismiss, for summary judgment and to strike. In its motions and supporting brief, defendant maintains that the action must be dismissed as being untimely brought since the EEOC commenced action more than 180 days after Mr. Bernal filed his charge of discrimination. Alternatively, defendant asserts that the complaint must be dismissed as untimely under the applicable Colorado statute of limitations, C.R.S. 87–1–7 (1963), as amended.

Defendant also seeks dismissal because the EEOC failed to satisfy a condition precedent to bringing suit. The EEOC may file suit only if it is unable to secure an acceptable conciliation agreement from defendant; defendant claims that the EEOC was able to secure such an agreement.

As to all of these claims, defendant asserts that there is no genuine issue of material fact left to be resolved and that summary judgment is thus appropriate.

Defendant finally claims that the EEOC's prayer for monetary relief regarding the individual employee's back pay must be stricken as untimely under C.R.S. 87–1–7 (1963), as amended.

In response to defendant's brief, the EEOC has filed an opposing brief to which defendant has replied.

The EEOC's motion for a temporary restraining order and for a preliminary injunction based on alleged retaliatory practices against Mr. Bernal and several witnesses on his behalf was denied by this Court on July 16, 1974.

Defendant's motion to dismiss the action should be granted for the reasons which follow.

The EEOC premises jurisdiction of this action on 42 U.S.C. § 2000e–5(f) (authorizing EEOC to bring suit), 28 U.S.C. § 1345 (United States or agency thereof as plaintiff), and 28 U.S.C. § 451 (defining agencies of the United States).

## I. TIME WITHIN WHICH EEOC MUST COMMENCE SUIT

Defendant's primary contention on this motion to dismiss and for summary judgment is that 42 U.S.C. § 2000e–5(f)(1), as amended in 1972, imposes a 180-day limitation period after the filing of charges of discrimination with the EEOC after which the EEOC may not file suit.

42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:

"If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . .. Upon timely application, the court may, in its discretion, permit the Commission . . . to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsections (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance."

It is undisputed in this case that the EEOC filed suit more than 180 days after Mr. Bernal filed his charges of discrimination on October 19, 1970 and January 11, 1971. The EEOC filed suit on March 1, 1974, more than three years after the last charge of discrimination was filed.

To date several Federal District Courts and two Circuit Courts of Appeal have had occasion to consider the allowable time within which the EEOC must commence a Title VII suit. The courts have had some difficulty in resolving this question. On the one hand, the following cases have held that there is no period of limitations expressed in the Act, or implied from its history and purpose, within which the EEOC must file suit: EEOC v. Louisville & Nashville Railroad Co., 505 F.2d 610 (5th Cir. 1974), rev'g, 368 F.Supp. 633 (N.D.Ala.1974); EEOC v. Cleveland Mills Co., 502 F.2d 153 (4th Cir. 1974), rev'g, 364 F.Supp. 1235 (W.D.N.C.1973); EEOC v. United Aircraft Corp., 383 F.Supp. 1313 (D.Conn. 1974); EEOC v. Western Electric Co., Inc., 382 F.Supp. 787 (D.Md.1974); EEOC v. Christiansburg Garment Co., Inc., 376 F.Supp. 1067, 1070 (W.D.Va. 1974); EEOC v. E. I. DuPont Nemours and Co., 373 F.Supp. 1321 (D.Del.1974); EEOC v. Huttig Sash and Door Co., 371 F.Supp. 848 (S.D.Ala.1974); EEOC v. United States Industries, Inc., 7 EPD * Paragraph 9068 (W.D.Tenn., January 3, 1974), immediate appeal granted, 7 EPD Paragraph 9295 (W.D.Tenn., April 4, 1974); EEOC v. International Paper Co., 8 EPD Paragraph 9610 (W.D.Mich., October 10, 1973); EEOC v. Rollins, Inc., 8 EPD Paragraph 9557 (N.D.Ga., June 7, 1974); EEOC v. Bartenders International Union (AFL–CIO), Local Union No. 41, 369 F.Supp. 827 (N.D.Cal.1973); EEOC v. Eagle Iron Works, 367 F.Supp. 817 (S.D.Iowa 1973); EEOC v. Duff Brothers, Inc., 364 F.Supp. 405, 406 (E. D.Tenn.1973); EEOC v. Mobil Oil Corp., 362 F.Supp. 786 (W.D.Mo.1973); EEOC v. Hickey-Mitchell Co., 372 F.Supp. 1117 (E.D.Mo.1973).

On the other hand, the following cases have held that the EEOC must file suit within 180 days after the administrative filing of the last individual charge of discrimination with the EEOC: EEOC v. General Dynamics Corp., 382 F.Supp. 59 (N.D.Tex.1974); EEOC v. United States Pipe and Foundry Co., 375 F.Supp. 237 (N.D.Ala.1974); EEOC v. Kimberly-Clark Corp., 380 F.Supp. 1106

(W.D.Tenn.1974); EEOC v. Berman Bros. Iron and Metal Co., 7 EPD Paragraph 9212 (N.D.Ala., February 20, 1974); EEOC v. Griffin Wheel Co., 7 EPD Paragraph 9202 (N.D.Ala., February 5, 1974); EEOC v. Union Oil Co. of California, 369 F.Supp. 579 (N.D.Ala. 1974)[1].

This clear split of authority indicates the lack of clarity with which the statute is drafted. In addition, little assistance is provided by the legislative history of the 1972 amendments, since the history can be read as supporting either position. EEOC v. General Dynamics Corp., *supra*, 382 F.Supp. at 63; EEOC v. Union Oil Co., *supra*.

Despite the complexity of the statutory language and the legislative history, this Court believes that the overall Congressional plan is clear.

The focus of Title VII, as originally enacted in 1964, was the prompt vindication of individual minority rights in employment. The Act thus established an agency, in the form of the EEOC, through which individuals aggrieved by discriminatory employment practices, initially could seek relief. It was hoped that the EEOC would develop substantial expertise in the field of employment discrimination and serve the public policy against discrimination by competently assisting individuals in redressing their grievances.

In its original version, Title VII limited the EEOC's functions to conciliation and attempting to obtain voluntary compliance with the Act.

> "Its roles were those of the conferee, conciliator and uncoercive persuader. If those processes failed, the Commission was required to notify the aggrieved parties, who, within 30 days after such notice, could file an action [in the Federal District Court] for the enforcement of their rights. There was no provision for judicial enforce-

ment except such a private action in the name and at the instance of an aggrieved party filed within the 30-day period."

EEOC v. Cleveland Mills Co., *supra*, 502 F.2d at 155. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Thus, except for so-called pattern or practice suits which the Attorney General was authorized to pursue, 42 U.S.C. § 2000e–6 (1970), the power judicially to enforce the provisions of the Act as to individual claims of discrimination rested solely with the individual claimants, and this power was to be exercised within a 30-day time period after receiving the notice to sue.

The 1972 amendments to Title VII and their legislative history, reflect the Congressional determination that exclusively private enforcement of the Act had proven inadequate and that the EEOC's attempts to obtain voluntary compliance with the Act had failed to eliminate discrimination in employment. See 1972 U.S.Code Cong. & Admin.News, pp. 2137, 2139–2141. Title VII, as amended however, retains the original Congressional purpose: the prompt vindication of individual minority rights in employment. In its amended version, Title VII retains the selection of cooperation and voluntary compliance as the preferred means for eliminating discriminatory employment practices. In addition, "although the 1972 amendment to Title VII empowers the Commission to bring its own actions, the private right of action remains an essential means of obtaining judicial enforcement of Title VII." Alexander v. Gardner-Denver Co., *supra*, 415 U.S. at 45, 94 S.Ct. at 1018.

Title VII, as it now stands, envisions the following procedure in processing an individual claim of employment discrimination:

(1) The individual claimant must file his charge with the EOCC within 180

---

[1]. In the *Union Oil* case Judge Pointer exhaustively outlines the most persuasive arguments on both sides of the question. Having done so, he comments: "The arguments are rather evenly balanced, not merely in number but, more significantly, in persuasive effect. They can hardly be reconciled or synthesized." *Union Oil*, 369 F.Supp. at 584.

days (formerly 90 days) after the alleged act of discrimination occurs. 42 U.S.C. § 2000e–5(e).

(2) Upon receipt of a charge of discrimination, the EEOC must notify the respondent of the charge, and begin an investigation of the allegations contained therein. 42 U.S.C. § 2000e–5(b). On the basis of its investigation, the EEOC must make a determination as to whether there is reasonable cause to believe the allegations in the charge are true. This determination must be made "as promptly as possible and so far as practicable, not later than one hundred and twenty days from the filing of the charge . . .." *Id.* If the EEOC determines that there is reasonable cause to believe the allegations in the charge are true, it must "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." Id.

(3) The EEOC has exclusive authority to act during the 180-day period (formerly 30–60 days) following the filing of the charge of discrimination.

(a) During the 30 days immediately following the filing of a charge with the EOCC, the Commission is authorized only to attempt to negotiate an acceptable conciliation agreement with the respondent named in the charge. 42 U.S.C. § 2000e–5(f)(1). No other enforcement activities are permitted during this period.

(b) If the 30-day period of conciliation fails to produce an agreement "acceptable to the Commission," the EEOC is empowered to initiate a civil action in an appropriate Federal District Court. 42 U.S.C. §§ 2000e–5(f)(1) and (3). Of course, during the remainder of the 180-day period after the initial 30 days have elapsed, the EEOC may continue in its conciliation efforts. The individual claimant may intervene as of right in any civil action brought by the EEOC. 42 U.S.C. § 2000e–5(f)(1).

(4) If the EEOC has not brought suit or entered into a conciliation agreement to which the individual claimant is a party within the 180-day period of the EEOC's exclusive jurisdiction, or if the EEOC dismisses the charge, the EEOC must so notify the complaining party. 42 U.S.C. § 2000e–5(f)(1). Upon receipt of that notice, the individual acquires the right to initiate a civil action against the respondent in his own behalf in an appropriate Federal District Court. *Id.;* 42 U.S.C. § 2000e–5(f)(3). This individual right to sue expires 90 days (formerly 30 days) after notification of the right to sue. *Id.* The court before which an individual action is brought may, upon timely application, permit the EEOC to intervene "upon certification that the case is of general public importance." *Id.* Also, "[u]pon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending . . . further efforts of the Commission to obtain voluntary compliance." *Id.*

In addition to the foregoing carefully structured time scheme built into the statute to ensure the prompt and orderly determination of employment discrimination claims, the statute specifically indicates that speedy resolution of discrimination charges is vital to the structure of Title VII. Thus, 42 U.S.C. §§ 2000e–5(f)(4) and (5) provide:

"(4) It shall be the duty of the chief judge of the district . . . in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district . . . shall certify this fact to the chief judge of the circuit . . . who shall then designate a district or circuit judge of the circuit to hear and determine the case.

"(5) It shall be the duty of the judge designated pursuant to this subsec-

tion to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. . . ."

The EEOC here argues, in the face of the rigid scheme of controlled time limits in the statute, that Congress intended to provide the EEOC an unlimited time within which to bring suit. This argument not only ignores the policy of the Act to insure speedy eradication of discriminatory employment practices, but it also ignores the fact that the individual claimant's right to sue is narrowly confined to a 90-day period after receiving the right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). This Court finds it inconceivable that Congress would so constrict the right to sue of the individual aggrieved party, the intended primary beneficiary of Title VII, while imposing no time constraints on EEOC initiated suits. If Congress had intended such an incongruous result, it surely could have specifically so stated.

If, as the EEOC here maintains, there is no limit upon the time within which the EEOC can bring suit against named respondents, this Court believes that the underlying purposes of Title VII, the prompt orderly determination of complaints primarily by conciliation, would be frustrated. Moreover, allowing the EEOC an unlimited period within which to sue

"would prejudice not only respondents, who are placed in the position of never knowing when and if the Commission might choose to bring suit on charges that are growing ever more stale, but also the rights of as yet unknown aggrieved persons who may be dissuaded from filing fresh charges by the fact that no resolution has been made of a prior charge."

EEOC v. Louisville & Nashville Railroad Co., *supra*, 368 F.Supp. at 637–638.

■ For these reasons, the Court determines that the EEOC must file suit, if at all, within 180 days from the filing of an individual charge of discrimination, allowing for the expiration of the periods of reference contained in 42 U.S. C. § 2000e–5(c)–(e) in cases in which deferral to State agencies is appropriate.

This resolution of the issue does no violence to Title VII. The Court agrees with Judge Mahon's statement in EEOC v. General Dynamics Corp., *supra*, 382 F.Supp. at 66:

"This Court believes that prompt action on individual complaints is an essential part of the Title VII scheme. EEOC argues that a one hundred eighty day period is just too short. Not enough time they say, to properly investigate claims, especially where a respondent feigns cooperation in a ploy to allow limitations to run. If this occasion arises, EEOC could always timely file their suit while continuing the conciliation process. Settlements between litigants are the rule and not the exception. No purpose is served by allowing stale damoclean claims to persist." [2]

■ The provisions of the Civil Rights Act "make plain that federal courts have been assigned plenary power to secure compliance with Title VII." Alexander v. Gardner-Denver Co., *supra*, 415 U.S. at 45, 94 S.Ct. at 1018. Action in the Federal courts is deferred until a charge is filed with the EEOC and the EEOC has been given an opportunity to effect conciliation. The EEOC has 180 days, in the usual case, within which to act. It cannot delay the exercise of Federal judicial power by withholding a case for an indefinite period of time, over

2. "The Commission's argument that a limitation period would frustrate conciliation is not persuasive. Knowledge that there is a definite time in which to conciliate or be subject to a Commission suit may be in itself an incentive to conciliate." Court's footnote 16.

three years in the case now before the Court. Instead, the case must be submitted, if at all, to the courts within 180 days after the filing of a complaint with the EEOC in a case filed by the EEOC, or within 90 days after receipt of a right to sue letter in a case filed by the individual claimant. Once the case is thus presented to the Court for determination, the Court may engage in its normal judicial approach, and may encourage further settlement negotiations if such encouragement is warranted. See 42 U.S.C. § 2000e–5(f)(1) (providing for a 60-day continuance for further conciliation activities where appropriate).

■ In view of the Court's determination that this action must be dismissed as untimely under Title VII, it is unnecessary to rule upon the other grounds for dismissal proferred by defendant.

## II. APPLICABILITY OF THE 1972 AMENDMENTS TO TITLE VII TO THIS CASE

The foregoing issue as to the appropriate time period within which the EEOC is authorized to initiate a civil action under Title VII is the only substantial issue which was raised by the parties on defendant's motions. However, at a conference held between counsel and the Court on January 15, 1975, the Court raised the question as to whether the 1972 amendments to Title VII, which gave the EEOC the right to initiate civil actions, are applicable to this case at all. Counsel were requested by the Court to brief this question. These requested briefs now having been filed, the Court may now proceed to determine the issue. Although the Court's determination of this question would require dismissal of the EEOC's complaint on this ground alone, the Court has discussed the issue of time limitations so that in the event an appellate court determines that the 1972 amendments are applicable to this case, the appellate court will have for its considera-

tion this Court's views on the limitations question.

Mr. Bernal's charges of discrimination were filed with the EEOC prior to the enactment of the 1972 amendments, and were therefore governed by the provisions of Title VII as originally enacted in 1964. As originally enacted, Title VII envisioned the following procedure in processing an individual claim of employment discrimination:

(1) The individual was required to file his charge with the EEOC within 90 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(d) (1970).

(2) Upon receipt of a charge of discrimination, the EEOC was required to furnish the respondent with a copy of the charge and to make an investigation of the charge. If the EEOC determined that there was reasonable cause to believe the allegations in the charge were true, "the Commission [was required to] endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion." 42 U.S.C. § 2000e–5(a) (1970).

(3) The EEOC had exclusive authority to act during a 30-day period after the charges were filed. This period could be extended "to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance [were] warranted." 42 U.S.C. § 2000e–5(e) (1970). If, during this 30-60-day period, the EEOC failed to obtain voluntary compliance with the Act, the EEOC was required to so notify the complaining party. Upon receipt of this required notice, the complaining party was entitled to file suit against the respondent in an appropriate Federal District Court. 42 U.S.C. § 2000e–5(e) and (f) (1970). The individual's right to sue expired 30 days after receipt of the notice of the right to sue. *Id.* The Court before which an individual action was brought could, "in its discretion, permit the Attorney Gen-

eral to intervene . . . if he certif-[ied] that the case [was] of general public importance." *Id.* Also, the Court was authorized, "in its discretion, [to] stay further proceedings for not more than sixty days pending . . . (b) . . . the efforts of the Commission to obtain voluntary compliance." *Id.*

The 1972 amendments to Title VII, (Sec. 14 of Pub.L. No. 92–261) provides:

"[42 U.S.C. § 2000e–5, as amended] shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act [March 24, 1972] and all charges filed thereafter."

■ Mr. Bernal's right-to-sue letter was issued on January 27, 1972. His right to sue expired 30 days after he received this letter, or approximately February 27–March 1, 1972. The right to sue letter included a copy of certain of the EEOC's regulations which indicated that issuance of the right-to-sue letter suspended further EEOC proceedings "unless the Field Director determines that it is in the public interest to continue such proceedings, or unless, within twenty (20) days after receipt of such notice, a party requests the Field Director, in writing, to continue to process the case." From the materials before the Court, it appears that the Field Director made no formal determination as to the public nature of Mr. Bernal's case, and that Mr. Bernal made no written request for further assistance. Thus, upon the expiration of 30 days after Mr. Bernal received his notice of the right to sue, his charges were no longer pending before the Commission, and the 1972 amendments to Title VII permitting the EEOC to initiate civil actions are inapplicable. See EEOC v. Christiansburg Garment Co., Inc., *supra*, 376 F.Supp. at 1073–1074.

It is therefore ordered that the motion of defendant to dismiss the complaint and the plaintiff's action is granted and final judgment of dismissal of the action shall forthwith enter.